# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

RON CHRIS FOSTER                                                       PETITIONER

V.                                          CIVIL ACTION NO.1:08CV213-SA-JAD

CHRISTOPHER EPPS, et al.                                 RESPONDENTS

## REPORT AND RECOMMENDATION

The respondents have moved to dismiss(Doc. 13) this petition pursuant to 28 U.S.C. §2254, on the ground that the petition is barred by the statute of limitations. The petitioner has filed a response in opposition to the motion.

28 U.S.C. §2244(d) provides:

> (D)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing a application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Foster was indicted on September 8, 1989 for capital murder while engaged in the

commission of an armed robbery. After Foster's motion for change of venue was granted, his trial commenced on January 14, 1991, in Lauderdale County, Mississippi. Foster was convicted and sentenced to death by the jury on January 18, 1991. What followed were years of appeals and post-conviction proceedings, the timing of which are not germane to the issue of the timeliness of Foster's petition in this court.

The proceedings that are germane to the question of the timeliness of this petition start on January 2, 2003, when Foster filed a successive state petition. Foster contended that he was not eligible for the death penalty under the intervening decision of *Atkins v. Virginia*, 536 U.S. 302 (2002). Then Governor Ronnie Musgrove issued a reprieve based upon *Atkins* and also based upon the pendency before the United States Supreme Court of a challenge to the constitutionality of imposing the death penalty where the offender was a minor at the time of the offense.

After briefing, the Mississippi Supreme Court on June 19, 2003, found that *Atkins* was an intervening decision and that the case would have to be remanded for an evidentiary hearing on the mental retardation hearing. Before the evidentiary hearing could be held, the United States Supreme Court held in *Roper v. Simmons*, 543 U.S. 551 (2005) that no person not yet eighteen years of age could be constitutionally subjected to the death penalty. Because Foster was seventeen at the time of the murder, the state filed a motion with the Mississippi Supreme Court to vacate the death sentence, to withdraw the order setting the *Atkins* hearing and to have the case remanded to the Circuit Court of Lowndes County, Mississippi to have Foster sentenced to life without possibility of parole pursuant to § 99-19-107 Miss. Code Ann. Foster filed no response to this motion and it was granted.

At the circuit court sentencing hearing, Foster for the first time challenged the propriety of imposing the life sentence without benefit of parole under this code section. At the time of the

murders Mississippi law generally provided two options, life or death. Thereafter, the general capital murder statute was amended to allow for possible sentences of life with the possibility of parole, life without parole, or death. Based upon this change in the law, Foster asserts that the imposition of life without the possibility of parole is an ex post facto application of the subsequent amendment of the capital punishment statute. § 99-19-101 Miss. Code Ann. (1994). Foster was actually sentenced under § 99-19-107 which provides for the imposition of life without possibility of parole in the event that a death penalty is declared unconstitutional by either the Mississippi Supreme Court or the United States Supreme Court. This statute was enacted in 1982, well before Foster's crimes.

The circuit court, finding itself bound by the mandate of the Mississippi Supreme Court, sentenced Foster to life without the possibility of parole. On appeal the Mississippi Supreme Court found that Foster's failure to respond to the state's motion to vacate the death penalty before that court meant that consideration was procedurally barred but alternatively addressed the merits of the claim. A petition for rehearing was denied on August 16, 2007.

Foster's federal petition is dated August 12, 2008, but, according to the respondents, was not timely filed because Foster did not request or place the petition in the prison mailing system until August 18, 2008, two days after the one year AEDPA statute of limitations ran.

Foster's response argues, 1) that he is entitled to the addition of the ninety day period allowed for the filing a petition for writ of certiorari with the United States Supreme Court; 2) that he is entitled to equitable tolling of the period of limitations; and 3) the merits of his petition.

Foster's first argument is erroneous. Had Foster in fact filed a petition for writ of certiorari following the denial of state post-conviction relief, it would not have tolled the federal statute of limitation. *Lawrence v. Florida*, 549 U.S. 327 (2007).

Alternatively, he claims that his filing is timely though he conceded the facts claimed by the respondents. His argument is an attempt to blame the state for the fact the petition was not mailed. On the point Foster has the following to say.

> The Respondents asserts that Petitioner did not request to mail (& photocopy) his habeas petition until August 18, 2008. This is true only in the sense of a written request. However, as noted by the Respondents (Page 9, paragraph 1, lines 5-6)[1], Petitioner did verbally inform -- via phone-- that he had a mailing deadline on August 16, 2008. This was done on/or about August 12, 2008 (and thereafter) prior to August 16, 2008.

Foster also claims that he had family members call "and assert his mailing deadline...." Foster claims further that he

> completed the composition of his habeas petition on August 12, 2008, as noted on the face of the petition, and immediately took steps to post same. *The fact that Petitioner did not specifically asked for mailing between August 12-16, 2008,* as alleged by Respondents, he did expressed that he had a deadline for August 16, 2008, and common knowledge would represent that the mailing of the legal documents need be on/or before August 16, 2008. This should be diligently known to persons trained in the proceedings, as the SMCI law library staff supposed to be. Petitioners habeas petition should be, thus consider timely mailed on/or about August 12, 2008, when himself, his family, and some correctional officer called and informed the law library staff (S.M.C.I.) that he had a deadline on August 16, 2008.

Foster admits that he did not request the mailing of his petition between the date that he says he signed it and the date that his statute of limitations expired. The mailbox rule deems prisoner's petitions filed when they are signed and deposited in the prison mailing system. In order to deposit pleadings in the mailing system, inmates have to make a request to get the documents mailed. Foster admits that he did not make the request until after the period of limitations expired. The fact that he or someone else may have informed law library staff of his deadline neither imposes a duty upon them to solicit the document from Foster for mailing, nor excuses his failure to request mailing.

---

[1] "Failed to put request in last week for deadline, call spoke with officer deadline was 16th didn't ask for mailing."

Accordingly, it is recommended that the State's motion be granted and this petition be dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 22nd day of June, 2009.

/s/ Jerry A. Davis  
U. S. MAGISTRATE JUDGE